**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0599-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDRE DAWSON, a/k/a
ANDRE MARIO DAWSON,
ANDREA DAWSON, and
ANDRE M. DAWSON, III,

    Defendant-Appellant.

_____

Submitted February 5, 2024 – Decided February 29, 2024

Before Judges Sabatino and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Accusation No. 19-04-0294.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andre Dawson appeals from the trial court's August 31, 2022 order and accompanying written opinion denying his petition for post-conviction relief ("PCR") concerning his 2019 conviction of third-degree aggravated assault on a bus driver, N.J.S.A. 2C:12-1(b)(5)(g). We affirm, substantially for the reasons stated in the PCR judge's written opinion.

We briefly state the pertinent background. Defendant's conviction arose out of an investigation showing that on January 28, 2019, he got into an argument with the driver of a New Jersey Transit bus, and physically assaulted her.

The State charged defendant in Accusation No. 19-04-00294 with committing a violation of N.J.S.A. 2C:12-1(b)(5)(g). Thereafter, plea negotiations ensued between the State and Dawson's defense counsel. Those negotiations resulted in a plea agreement, which was memorialized on a plea form signed by defendant, his attorney, and the assistant prosecutor.

The plea form specified that defendant would plead guilty to the charged offense, and that, in exchange, the State would dismiss charges of second-degree robbery and third-degree aggravated assault, which had been charged in a complaint-warrant separate from the Accusation. The State further agreed to recommend a prison sentence not to exceed "[eight years] flat."

2

Defendant appeared at a plea hearing before the trial court on April 11, 2019, and he stated under oath his voluntary assent to the terms of the plea agreement. He also provided the necessary factual basis for the charged offense.

On June 7, 2019, defendant appeared for sentencing before a different judge. During that proceeding, the judge noted on the record that defendant had other unrelated charges pending against him, and that she had received an inquiry from defense counsel about "resolving that matter along with this one." The prosecutor responded that the State was not willing to make a so-called "global plea offer," or a "package plea" offer, but instead would make a separate offer on that other matter with a recommendation for "additional jail time." Defense counsel did not comment on that colloquy, nor did defendant.

The court sentenced defendant to an eight-year term as a persistent offender. The sentence was consistent with the plea agreement.

Defendant appealed his sentence, contending it was excessive. After oral argument, this court affirmed the sentence by order dated June 30, 2020. See State v. Andre Dawson, No. A-300-19 (App. Div. June 30, 2020).

Thereafter, defendant filed an initial PCR petition in January 2021, with supplemental briefing in September 2021 after being assigned counsel. The supplemental briefing sought an evidentiary hearing.

A-0599-22

Defendant argues his plea counsel was constitutionally ineffective by allowing him to assent to the plea agreement without negotiating a global resolution that included the other pending charges. Apparently, those other charges have resulted in defendant being sentenced to additional prison time consecutive to the eight years imposed in this case.

After hearing oral argument on June 30, 2022, Judge Candido Rodriguez denied defendant's petition and found no need for an evidentiary hearing. Defendant now appeals from that PCR denial. He advances the following argument in his brief:

> POINT I
>
> THE FAILURE OF TRIAL COUNSEL TO NEGOTIATE A PLEA AGREEMENT THAT ENCOMPASSED ALL OF DEFENDANT'S PENDING CHARGES, SUBJECTED DEFENDANT TO CONSECUTIVE SENTENCES AND A PIECEMEAL SENTENCING PROCESS THAT WAS SEVERELY PREJUDICIAL AND DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL

Elaborating on this point, defendant asserts that "[a]lthough the [S]tate was not required to make a global plea offer, it is almost routine for prosecutors to do so in such situations in order to 'wrap up' all pending charges at one time." He thus contends that "[t]he failure of trial counsel to attempt to negotiate a

A-0599-22

global plea offer subjected defendant to consecutive sentences and a piecemeal sentencing process that greatly increased his exposure to an extended period of incarceration in state prison and [he] was therefore severely prejudic[ed]."

The State counters that it had no obligation to enter into global plea negotiations. It maintains defendant knowingly entered into the present plea agreement for this case, well aware that it was not a global arrangement.

In evaluating these arguments, we are guided by well established principles. Under the Sixth Amendment of the United States Constitution, a person accused of crimes is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). When reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

A-0599-22

The United States Supreme Court has extended these principles to the representation provided by a criminal defense attorney to an accused in connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134 (2012). To prevail, a defendant must show with "reasonable probability" that the result would have been different had defendant received proper advice from plea counsel. Lafler, 566 U.S. at 163; see also Hill v. Lockhart, 474 U.S. 52, 59 (1985) (articulating and applying the "reasonable probability" test to such settings).

We concur with the PCR judge that defendant has not presented such a reasonable probability of a different outcome here. As defendant concedes, the State had no legal obligation to make a global plea offer. The sentencing judge's comments explicitly reflect that defense counsel asked about the possibility in chambers, and the prosecutor made very clear on the record that no such global offer would be made. Defendant was present in court to hear that colloquy.

It is pure speculation that the prosecution would have changed its position if defendant held out and refused to accept a plea offer confined to this accusation. In addition, we note defendant was a persistent offender with a prior criminal record. There is no reason to believe, even in hindsight, that the State was likely to have adopted a more lenient approach and extended a global offer.

6

Defendant failed to present a prima facie claim of his plea counsel's ineffectiveness. Accordingly, the court had no obligation to conduct an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992) (concluding, if a prima facie claim is made, an evidentiary hearing on ineffectiveness should be held).

To the extent we have not already mentioned them, any remaining arguments presented by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0599-22